UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF NORTH CAROLINA
DURHAM DIVISION

In re:
**Darris McCauley and**
**Kia McCauley**,                                                         Bankruptcy Case No.: 04-82644

Social Security Nos. xxx-xx-2294 &
xxx-xx-3883
Mailing Address: 6 Drysdale Court, Durham, NC
27713-
                                                     Debtors.

**Darris McCauley and**
**Kia McCauley**,                                                          A.P. No.:_____
                                                    Plaintiffs,

**Deutsche National Trust Company, as Trustee**
**for Franklin Credit Series I and/or Franklin**
**Credit Management Corp.**,
                                                    Defendant.

## COMPLAINT TO DECLARE MORTGAGE CURRENT

The Plaintiffs, above-named, respectfully allege as follows:

1. That this matter is a core proceeding pursuant to 28 U.S.C. § 157 (k).

2. The court has jurisdiction pursuant to 28 U.S.C. §§ 151, 157 and 1334.

3. This Complaint was filed, pursuant to 11 U.S.C. §§ 502 (j) and 506, and in accordance with Bankruptcy Rule 7001, for the purpose of:

    a. Reconsideration of the allowed secured claim of Deutsche National Trust Company, as Trustee for Franklin Credit Series I and/or Franklin Credit Management Corp. pursuant to 11 U.S.C. § 502 (j);

    b. Recovery of money or property, other than a proceeding to compel the debtor to deliver property to the trustee, or a proceeding under § 554 (b) or § 725 of the Code, Rule 2017, or Rule 6002;

    c. Determining the current validity, priority or extent of the lien or other interest in property held by Deutsche National Trust Company, as Trustee for Franklin Credit

Series I and/or Franklin Credit Management Corp. following payment during the course of the Plaintiffs' Chapter 13 plan; and/or

    d.     Obtaining a declaratory judgment relating to the current validity, priority or extent of the lien or other interest in property held by Deutsche National Trust Company, as Trustee for Franklin Credit Series I and/or Franklin Credit Management Corp. following payment during the course of the Plaintiffs' Chapter 13 plan

4.     The Plaintiffs are:

    a.     Individuals residing at 6 Drysdale Court, Durham, NC 27713-    ; and

    b.     "Consumers" as that term is defined by N.C.G.S. § 75-50 and 15 U.S.C. § 1692 a (3).

5.     The Plaintiffs filed this bankruptcy case on September 1, 2004 seeking protection under Chapter 13 of Title 11 of the United States Code.

6.     The § 341Meeting of Creditors was held on October 8, 2004.

7.     The Chapter 13 plan was subsequently confirmed by order of this Court on November 16, 2004.

8.     That the Plaintiffs received a discharge on December 16, 2009.

9.     The Defendant Deutsche National Trust Company, as Trustee for Franklin Credit Series I is, upon information and belief:

    a.     A corporation and/or a partnership with an office and principal place of business located at Post Office Box 2301, Jersey City, NJ 07303-2301;

    b.     A "debt collector" as defined by N.C.G.S. § 75-50; and

    c.     A "debt collector" as defined by 15 U.S.C. § 1692 a (6).

10.     The Defendant Franklin Credit Management Corp. is, upon information and belief:

    a.     A corporation and/or a partnership with an office and principal place of business located at Post Office Box 620444, Indianapolis, IN 46262-0444

    b.     A "debt collector" as defined by N.C.G.S. § 75-50;

    c.     A "debt collector" as defined by 15 U.S.C. § 1692 a (6).

11.     The Plaintiffs own real property located at 6 Drysdale Court, Durham NC 27713. The legal description of the property is as follows:

BEING all of Lot 53, Woodlake Dunmore, Block F, as shown on plat recorded in Book of maps 118, page 71, of the Durham County Registry, North Carolina.

TOGETHER WITH all property rights and benefits contained in that certain Declaration of Covenants, Conditions and Restrictions recorded in Book 1480, Page 140, Book 1761, Page 344, and Book 1761, Page 460, Durham County Registry.

The tax map or parcel ID No. is: 0729-03-40-0615

12. That, on or about September 10, 2004, Deutsche National Trust Company, as Trustee for Franklin Credit Series I and/or Franklin Credit Management Corp. filed a Proof of Claim with the Chapter 13 Trustee asserting, under penalty of perjury, a lien against said property with the following particulars:

   a. Outstanding Principal: $1,434.61;

   b. Outstanding Pre-petition Arrearage: $27,295.06; and

   c. On-going Monthly Payment: $1,434.61.

13. On November 17, 2005, the Plaintiffs, by and through counsel, filed an Objection to the Proof of Claim filed by Deutsche National Trust Company, as Trustee for Franklin Credit Series I and/or Franklin Credit Management Corp..

14. On December 16, 2005, Deutsche National Trust Company, as Trustee for Franklin Credit Series I and/or Franklin Credit Management Corp. filed a Response to said Objection.

15. The Objection was ultimately resolved by through an amended Proof of Claim and by Order of the Court entered on July 19, 2006, Order as follows:

   a. Outstanding Pre-petition Arrearage: $30,099.79; and

   b. On-going Monthly Payment: $1,434.61.

16. That on September 24, 2007, the Court entered a further order finding, among other things, that Deutsche National Trust Company, as Trustee for Franklin Credit Series I and/or Franklin Credit Management Corp. had been overpaid on its on-going claim in the amount of $20,105.97, and reducing its pre-petition arrearage claim by such amount to $9,993.82.

17. That as of the date of the filing of this Complaint, after sixty-three (63) months (including the month of December, 2009), based on the allowed secured claim and the Confirmation Order, Deutsche National Trust Company, as Trustee for Franklin Credit Series I and/or Franklin Credit Management Corp., was entitled to receive:

a. $9.993.82 on its arrearage claim; and
b. $90,380.43 in on-going monthly payments.

18. That as of the date of the filing of this Complaint, after sixty-three (63) months (including the month of December, 2009), the Chapter 13 Trustee had paid Deutsche National Trust Company, as Trustee for Franklin Credit Series I and/or Franklin Credit Management Corp.:

    a. $9,993.82 on its arrearage claim; and

    b. $105,540.24 in on-going monthly payments.

19. That the Chapter 13 Trustee sent a continuing debt confirmation letter to Deutsche National Trust Company, as Trustee for Franklin Credit Series I and/or Franklin Credit Management Corp. requesting confirmation that all of the pre-petition arrearage and all on-going post-petition payments had been received.

20. That on or about November 2, 2009, Deutsche National Trust Company, as Trustee for Franklin Credit Series I and/or Franklin Credit Management Corp. responded to the Chapter 13 Trustee and asserted that Plaintiffs were current with their mortgage trough October 2009, before Deutsche National Trust Company, as Trustee for Franklin Credit Series I and/or Franklin Credit Management Corp. would consider that the Plaintiffs' mortgage was current.

21. That, upon information and belief, Deutsche National Trust Company, as Trustee for Franklin Credit Series I and/or Franklin Credit Management Corp. sent directly to the Plaintiffs a demand for payment in the approximate amount of $4,300.00, asserting that such amounts were required to bring the mortgage current.

**FAILURE TO TIMELY CORRECT INACCURATE PROOF OF CLAIM**

22. That, upon information and belief:

    a. Deutsche National Trust Company, as Trustee for Franklin Credit Series I and/or Franklin Credit Management Corp. asserts that some or all of the funds that it asserts are required to bring the mortgage current are owed as a result of the filing of an inaccurate Proof of Claim; and

    b. The Proof of Claim filed by Deutsche National Trust Company, as Trustee for Franklin Credit Series I and/or Franklin Credit Management Corp. was signed under penalty of perjury; and

    c. Deutsche National Trust Company, as Trustee for Franklin Credit Series I and/or Franklin Credit Management Corp. failed to timely correct its Proof of Claim.

23. That as a result of the amounts that Deutsche National Trust Company, as Trustee for Franklin Credit Series I and/or Franklin Credit Management Corp. asserted in its Proof of

Claim:

a. The Plaintiffs relied on such assertions, including, but not limited to, having such amounts used to determine the amount of plan payments and the duration of the Chapter 13 plan;

b. That such reliance was reasonable; and

c. That such reliance was to the detriment of the Plaintiffs as, among other reasons, it precluded the Plaintiffs from modifying their plan in a timely manner to accommodate additional fees.

24. Accordingly, Deutsche National Trust Company, as Trustee for Franklin Credit Series I and/or Franklin Credit Management Corp. should be estopped from asserting contradictory arrearage or monthly payment amounts.

25. That the inaccurate filing of a Proof of Claim constitutes:

a. A violation of 15 U.S.C. § 1692 e, as it had the affect of falsely representing the character, extent, or amount owed by the Plaintiffs and/or of the status of the on-going monthly payments in a legal proceeding;

b. A violation of N.C.G.S. § 75-54 (4), as it falsely represented, the character, extent, or amount owed by the Plaintiffs and/or of the status of the on-going monthly payments in a legal proceeding; and

c. A violation of 18 U.S.C. § 157 ©), as it is a false claim concerning a proceeding under Title 11.

26. That as a result of the inaccurate Proof of Claim filed by Deutsche National Trust Company, as Trustee for Franklin Credit Series I and/or Franklin Credit Management Corp., the Plaintiffs have incurred actual damages, including, but not limited to, attorneys fees.

27. That, upon information and belief, the filing of an inaccurate Proof of Claim by Deutsche National Trust Company, as Trustee for Franklin Credit Series I and/or Franklin Credit Management Corp. and the failure to timely correct such inaccuracies, was willful.

**UNAUTHORIZED ASSESSMENT OF FEES, COSTS AND/OR EXPENSES**

28. That, upon information and belief:

a. Deutsche National Trust Company, as Trustee for Franklin Credit Series I and/or Franklin Credit Management Corp. asserts that some or all of the funds that it asserts are required to bring the mortgage current are owed as a result of Deutsche National Trust Company, as Trustee for Franklin Credit Series I and/or Franklin Credit

Management Corp. having assessed the Plaintiffs' mortgage loan account fees, including, but not limited to, attorneys fees, property inspection fees, and late fees; and

b. That, upon information and belief, Deutsche National Trust Company, as Trustee for Franklin Credit Series I and/or Franklin Credit Management Corp. has not, pursuant to 11 U.S.C. §§ 503 and 506 and Bankruptcy Rule 2016 sought the allowance and determination of the reasonableness of any such fees.

29. The actions of Deutsche National Trust Company, as Trustee for Franklin Credit Series I and/or Franklin Credit Management Corp. in imposing improper, unauthorized and unapproved fees and charges to the Both Male and Female mortgage loan account, constitute:

   a. A violation of the automatic stay as set forth in 11 U.S.C. Section 362(a)(3). *See In re Stark,* 242 B.R. 866 (W.D.N.C. 1999).

   b. A violation of 15 U.S.C. § 1692 e, as it had the affect of falsely representing the character, extent, or amount owed by the Plaintiffs and/or of the status of the on-going monthly payments in a legal proceeding;

   c. A violation of N.C.G.S. § 75-54 (4), as it had the affect of falsely representing the character, extent, or amount of owed by the Plaintiffs and/or of the status of the on-going monthly payments in a legal proceeding;

   d. A violation of 15 U.S.C. § 1692 f (1), as it is an attempt to collect fees and costs not authorized by law;

   e. A violation of N.C.G.S. § 75-55 (2), as it is an attempt to collect fees and costs not authorized by law; and

   f. A violation of N.C.G.S. § 75-51 (8), as it was a threat to collect a debt not permitted by law.

30. That as a result of the assessment of mortgage loan account fees, including, but not limited to, attorneys fees, property inspection fees, and late fees, to the Plaintiffs' mortgage loan account, the Plaintiffs have incurred actual damages, including, but not limited to, attorneys fees.

31. That, upon information and belief, the assessment of mortgage loan account fees, including, but not limited to, attorneys fees, property inspection fees, and late fees, to the Plaintiffs' mortgage loan account by Deutsche National Trust Company, as Trustee for Franklin Credit Series I and/or Franklin Credit Management Corp. was willful.

**INACCURATE ASSERTION OF MISSED PAYMENTS**

32. That, upon information and belief:

   a. Deutsche National Trust Company, as Trustee for Franklin Credit Series I and/or Franklin Credit Management Corp. asserts that some or all of the funds that it asserts are required to bring the mortgage current are owed as a result of the Plaintiffs having failed to make all monthly mortgage payments as required by the mortgage note during the Plaintiffs' Chapter 13 plan; and

   b. The Plaintiffs paid their on-going mortgage payments through the Chapter 13 plan and the Chapter 13 Trustee's records reflect that all payments have been made. That the inaccurate assertion by Deutsche National Trust Company, as Trustee for Franklin Credit Series I and/or Franklin Credit Management Corp. that the Plaintiffs have missed payments, constitute:

   c. A violation of 15 U.S.C. § 1692 e, as it had the affect of falsely representing the character, extent, or amount owed by the Plaintiffs and/or of the status of the on-going monthly payments in a legal proceeding; and

   d. A violation of N.C.G.S. § 75-54 (4), as it had the affect of falsely representing the character, extent, or amount of owed by the Plaintiffs and/or of the status of the on-going monthly payments in a legal proceeding.

33. That as a result of inaccurate assertion by Deutsche National Trust Company, as Trustee for Franklin Credit Series I and/or Franklin Credit Management Corp. that the Plaintiffs have missed payments, the Plaintiffs have incurred actual damages, including, but not limited to, attorneys fees.

34. That, upon information and belief, the inaccurate assertion by Deutsche National Trust Company, as Trustee for Franklin Credit Series I and/or Franklin Credit Management Corp. that the Plaintiffs have missed payments was willful.

**WHEREFORE**, the Plaintiffs pray the Court as follows:

1. Find that cause exists pursuant to 11 U.S.C. § 502 (j) to reconsider the allowed secured claim of Deutsche National Trust Company, as Trustee for Franklin Credit Series I and/or Franklin Credit Management Corp.

2. Declare that the Plaintiffs' mortgage loan was current as of their discharge.

3. Appoint, at the expense of Deutsche National Trust Company, as Trustee for Franklin Credit Series I and/or Franklin Credit Management Corp., an independent forensic accountant to audit the Plaintiffs' mortgage loan to determine the exact remaining balance owed.

**FAILURE TO TIMELY CORRECT INACCURATE PROOF OF CLAIM**

4. Find that Deutsche National Trust Company, as Trustee for Franklin Credit Series I and/or Franklin Credit Management Corp. failed to timely correct an inaccurate Proof of Claim.

5. Find that such failure and later attempt at collection:

    a. Willfully Violated the discharge injunction of 11 U.S.C. § 524;

    b. Violated 15 U.S.C. § 1692e; and

    c. Violated N.C.G.S. § 75-54 (4).

6. Award the Plaintiffs:

    a. Pursuant to 11 U.S.C. § 362 or 11 U.S.C. §§ 524 and 105, actual damages, including attorneys fees, and punitive damages;

    b. Pursuant to 15 U.S.C. § 1692 (k), actual damages, including attorneys fees, and statutory damages in the amount of $1,000.00 per violation;

    c. Pursuant to N.C.G.S. § 75-56, actual damages, including attorneys fees, and statutory damages of not less than $500.00 and not more than $4,000.00 per violation.

    d. Pursuant to a breach of contract, actual damages, including attorneys fees.

7. Find that, by continuing to accept the monthly payments as set forth in the Proof of Claim and/or Confirmation Order without timely correction of said Proof of Claim, Deutsche National Trust Company, as Trustee for Franklin Credit Series I and/or Franklin Credit Management Corp. has taken a position, upon which the Plaintiffs have reasonably relied to their detriment and Deutsche National Trust Company, as Trustee for Franklin Credit Series I and/or Franklin Credit Management Corp. is estopped from now asserting an inconsistent position, namely that such amounts are owed.

8. Find that the any unpaid principal owed due to an inaccurate Proof of Claim, that Deutsche National Trust Company, as Trustee for Franklin Credit Series I and/or Franklin Credit Management Corp. has failed to apply to the Plaintiffs' mortgage loan account, or any other fees, charges, expenses or payments that the holder of the mortgage loan or the master servicers, the servicers, the sub-servicers, the default servicers or any other entity has failed to credit to the Plaintiffs, be deemed to have been timely made and reducing the remaining principal owed by the Plaintiffs to Deutsche National Trust Company, as Trustee for Franklin Credit Series I and/or Franklin Credit Management Corp. accordingly.

9. Refer this of matter to U.S. Attorney for investigation and possible prosecution for perjury and/or other bankruptcy crimes.

**UNAUTHORIZED ASSESSMENT OF FEES, COSTS AND/OR EXPENSES**

10. Find that Deutsche National Trust Company, as Trustee for Franklin Credit Series I and/or Franklin Credit Management Corp. failed, despite the requirements of 11 U.S.C. § 506 (b), to obtain authorization for any additional fees, costs or expenses.

11. Find that any request by Deutsche National Trust Company, as Trustee for Franklin Credit Series I and/or Franklin Credit Management Corp. for any such additional fees, costs or expenses, would not now be timely.

12. Find that such failure and later attempt at collection:

    a. Willfully Violated the discharge injunction of 11 U.S.C. § 524;

    b. Violated 15 U.S.C. § 1692e;

    c. Violated 15 U.S.C. § 1692f;

    d. Violated N.C.G.S. § 75-54 (4);

    e. Violated N.C.G.S. § 75-55 (2); and

    f. Constituted a breach of contract.

13. Award the Plaintiffs:

    a. Pursuant to 11 U.S.C. § 362 or 11 U.S.C. §§ 524 and 105, actual damages, including attorneys fees, and punitive damages;

    b. Pursuant to 15 U.S.C. § 1692 (k), actual damages, including attorneys fees, and statutory damages in the amount of $1,000.00 per violation;

    c. Pursuant to N.C.G.S. § 75-56, actual damages, including attorneys fees, and statutory damages of not less than $500.00 and not more than $4,000.00 per violation.

    d. Pursuant to a breach of contract, actual damages, including attorneys fees.

14. Find that all corporate advances or expenses, corporate suspense accounts, statutory fees, late fees, property inspection fees, or legal fees, or any other fees, charges or expenses that the holder of the mortgage loan or the master servicers, the servicers, the sub-servicers, the default servicers or any other entity has added to the account of the debtors, but which have not been timely applied for and approved by this Court, after proper notice and hearing, be forever canceled and discharged as of the date of the Order discharging the Plaintiffs and reducing the remaining principal owed by the Plaintiffs to Deutsche National Trust Company, as Trustee for Franklin Credit Series I and/or Franklin Credit Management Corp. accordingly.

## INACCURATE ASSERTION OF MISSED PAYMENTS

15. Find that the Plaintiffs Deutsche National Trust Company, as Trustee for Franklin Credit Series I have made all payments due to and/or Franklin Credit Management Corp. during the course of their Chapter 13 plan.

16. Find that the assertion of missed payments and later attempt at collection:

    a. Willfully Violated the discharge injunction of 11 U.S.C. § 524;

    b. Violated 15 U.S.C. § 1692e; and

    c. Violated N.C.G.S. § 75-54 (4).

17. Award the Plaintiffs:

    a. Pursuant to 11 U.S.C. § 362 or 11 U.S.C. §§ 524 and 105, actual damages, including attorneys fees, and punitive damages;

    b. Pursuant to 15 U.S.C. § 1692 (k), actual damages, including attorneys fees, and statutory damages in the amount of $1,000.00 per violation;

    c. Pursuant to N.C.G.S. § 75-56, actual damages, including attorneys fees, and statutory damages of not less than $500.00 and not more than $4,000.00 per violation.

18. Find that the payments that Deutsche National Trust Company, as Trustee for Franklin Credit Series I and/or Franklin Credit Management Corp. has inaccurately failed to apply to the Plaintiffs' mortgage loan account, or any other fees, charges, expenses or payments that the holder of the mortgage loan or the master servicers, the servicers, the sub-servicers, the default servicers or any other entity has failed to credit to the Plaintiffs, be deemed to have been timely made and reducing the remaining principal owed by the Plaintiffs to Deutsche National Trust Company, as Trustee for Franklin Credit Series I and/or Franklin Credit Management Corp. accordingly.

19. Hold that in the event the holder of these mortgages, the current servicer or any subsequent assignees or holders of the mortgage debts attempt to collect any of these discharged fees or expenses, such action shall be deemed to be a willful violation of the discharge injunction and contempt of the orders of this Court; and that such action shall give the right to the Plaintiffs to pursue a proceeding before this court for contempt and appropriate sanctions and such other state and federal statutory remedies as may be available to the Plaintiffs and that this Court specifically retain jurisdiction over such claim or claims.

20. That the debtors have such other and further relief as to the Court may seem just and proper.

Dated: April 9, 2010

        **LAW OFFICES OF ORCUTT, BLEDSOE & BOLTZ, P.C.**

        /s Edward Boltz
        Edward Boltz
        Attorney for the Plaintiffs
        North Carolina State Bar No.: 23003
        6616-203 Six Forks Road
        Raleigh, N.C. 27615
        (919) 847-9750