# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
# DURHAM DIVISION

| | |
|---|---|
| In the Matter of: | : |
| | : |
| DARRIS VINCENT MCCAULEY | : BANKRUPTCY CASE |
| and KIA LIPSCOMB MCCAULEY, | : NO. 04-82644 |
| | : |
| Debtors. | : |
| DARRIS VINCENT MCCAULEY and | : |
| KIA LIPSCOMB MCCAULEY, | : |
| Plaintiffs. | : |
| vs. | : A.P. No. 10-09031 |
| | : |
| DEUTSCHE NATIONAL TRUST COMPANY | : |
| AS TRUSTEE FOR FRANKLIN CREDIT | : |
| SERIES 1 AND/OR FRANKLIN CREDIT | : |
| MANAGEMENT CORP. | : |
| Defendant. | : |

## ANSWER TO COMPLAINT TO DECLARE MORTGAGE PAYMENTS CURRENT

**COMES NOW**, Deutsche National Trust Company as Trustee for Franklin Credit Series 1 and/or Franklin Credit Management Corp., Defendant in the above styled Adversary Proceeding, by and through its undersigned counsel of record and files this Answer and respectfully shows this honorable Court as follows:

1. Defendant avers that the statute referenced in Paragraph 1 of the Adversary Complaint speaks for itself.

2. Defendant avers that the statutes referenced in Paragraph 2 of the Adversary Complaint speak for themselves.

3. Defendant avers that the statutes referenced in Paragraph 3 of the Adversary Complaint speak for themselves.

4. Defendant is without sufficient information or knowledge as to where the Plaintiffs reside. In further response, Defendant avers that the statutes referenced in Paragraph 4 of the Adversary Complaint speak for themselves.

5. Defendant admits the allegations contained in Paragraph 5 of the Adversary Complaint and further avers that the docket speaks for itself.

6. Defendant admits the allegations contained in Paragraph 6 of the Adversary Complaint and further avers that the docket speaks for itself.

7. Defendant admits the allegations contained in Paragraph 7 of the Adversary Complaint and further avers that the docket speaks for itself.

8. Defendant admits the allegations contained in Paragraph 8 of the Adversary Complaint and further avers that the docket speaks for itself.

9. Defendant avers that the statutes referenced speak for themselves and denies the remaining allegations contained in Paragraph 9 of the Adversary Complaint.

10. Defendant avers that the statutes referenced speak for themselves and denies the remaining allegations contained in Paragraph 10 of the Adversary Complaint.

11. Defendant admits the allegations contained in Paragraph 11 of the Adversary Complaint.

12. Defendant states that a Proof of Claim, dated September 10, 2004 was filed by GMAC Mortgage Corporation claiming outstanding pre-petition arrearage in the amount of $27,295.06. Defendant denies the remaining allegations contained in Paragraph 12 of the Adversary Complaint. In further response, Defendant states that the filed claim asserted an outstanding principal balance of $148,730.15.

13. Defendant admits the allegations contained in Paragraph 13 of the Adversary Complaint and further avers the docket speaks for itself.

14. Defendant states that GMAC Mortgage through counsel filed a Response to the Objection to Claim. Defendant admits the remaining allegations contained in Paragraph 14 of the Adversary Complaint and further avers the docket speaks for itself.

15. Defendant admits that the Proof of Claim was amended with an outstanding pre-petition arrearage in the amount of $30,099.79. Defendant is without sufficient information or knowledge to either admit or deny the remaining allegations contained in Paragraph 15 of the Adversary Complaint.

16. Defendant admits that an Order was entered on September 24, 2007 finding that Defendants had been overpaid on its on-going claim in the amount of $20,105.97. In further response, Defendant avers that the overpayment was to be applied toward the amended pre-petition arrearage claim of $30,099.79 and deducted/reduced from the amount paid toward the ongoing mortgage payments. The Trustee's records do not appear to have made the adjustment and Defendant further contends that may be the cause for the discrepancy.

17. Defendant states that it was entitled to received ongoing payments for the months of November 2004 through December 2009 at $1,434.61 each totaling $88,945.82. In further response, Defendant avers that a reduced claim of $9,993.82 would also have to account for a deduction of the amount applied toward the ongoing payments. In other words, if the $20,105.97 overpayment was to be deducted from the payments paid toward the ongoing payments and applied to the $30,099.79 arrearage amount, then the actual total applied to the

ongoing payments would be reduced from $105,540.24 to $85,434.27. Based on this figure, $3,511.55 would have been owed for the ongoing payments through December 2009.

18. On information and belief, Defendant admits the allegations contained in paragraph 18 of the Adversary Complaint except the months paid for ongoing payments is sixty-two (62) months including the month of December, 2009.

19. On information and belief, Defendant admits the allegations contained in Paragraph 19 of the Adversary Complaint.

20. Defendant denies the allegations contained in Paragraph 20 of the Adversary Complaint. In further response, Defendant avers that the Continuing Debt Confirmation Letter, received by the Chapter 13 Trustee office on November 2, 2009 confirmed that the account was contractually current through September 24, 2009 and due for October 24, 2009

21. Defendant is without sufficient information or knowledge at this time to either admit or deny the allegations contained in Paragraph 21 of the Adversary Complaint and demand strict proof thereof.

22. Defendant denies the allegations contained in Paragraph 22 of the Adversary Complaint.

23. Defendant denies the allegations contained in Paragraph 23 of the Adversary Complaint.

24. Defendant denies the allegations contained in Paragraph 24 of the Adversary Complaint.

25. Defendant admits the allegations contained in Paragraph 25 of the Adversary Complaint

26. Defendant denies the allegations contained in Paragraph 26 of the Adversary Complaint.

27. Defendant denies the allegations contained in Paragraph 27 of the Adversary Complaint.

28. Defendant denies the allegations contained in Paragraph 28 of the Adversary Complaint.

29. Defendant denies the allegations contained in Paragraph 29 of the Adversary Complaint.

30. Defendant denies the allegations contained in Paragraph 30 of the Adversary Complaint.

31. Defendant denies the allegations contained in Paragraph 31 of the Adversary Complaint.

32. Defendant denies the allegations contained in Paragraph 32 of the Adversary Complaint.

33. Defendant denies the allegations contained in Paragraph 33 of the Adversary Complaint.

34. Defendant denies the allegations contained in Paragraph 34 of the Adversary Complaint.

**REMAINDER OF PAGE INTENTIONALLY LEFT BLANK**

WHEREFORE, the Defendant, Deutsche National Trust Company as Trustee for Franklin Credit Series 1 and/or Franklin Credit Management Corporation, respectfully prays that this Court enter a judgment in favor of Deutsche National Trust Company as Trustee for Franklin Credit Series 1 and/or Franklin Credit Management Corporation and dismiss the Plaintiff's Complaint and request for such other and further relief as may be just and proper in these circumstances.

Respectfully submitted this 18$^h$ day of June, 2010.

/ Angel R. Gordon_____
**Angel R. Gordon**
NC Bar No. 24996
Attorney for Movant

Johnson & Freedman, LLC
1587 Northeast Expressway
Atlanta, GA 30329

(770) 234-9181, ext. 8888

**1006247NC**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
DURHAM DIVISION

| In the Matter of: | : |  |
|---|---|---|
|  | : |  |
| DARRIS VINCENT MCCAULEY | : | BANKRUPTCY CASE |
| and KIA LIPSCOMB MCCAULEY, | : | NO. 04-82644 |
|  | : |  |
| Debtors. | : |  |
| DARRIS VINCENT MCCAULEY and | : |  |
| KIA LIPSCOMB MCCAULEY, | : |  |
| Plaintiffs. | : |  |
| vs. | : | A.P. No. 10-09031 |
|  | : |  |
| DEUTSCHE NATIONAL TRUST COMPANY | : |  |
| AS TRUSTEE FOR FRANKLIN CREDIT | : |  |
| SERIES 1 AND/OR FRANKLIN CREDIT | : |  |
| MANAGEMENT CORP. | : |  |
| Defendant. | : |  |

## CERTIFICATE OF SERVICE

I, Angel R. Gordon, Attorney at Law, Johnson & Freedman, LLC, 1587 Northeast Expressway, Atlanta, GA 30329, certify:

That I am, and at all times hereinafter mentioned, was more than 18 years of age;

That on the 21ST of June, 2010, I served on the respondent(s) in this bankruptcy matter a copy of the within Answer to Complaint by regular mail, with appropriate postage affixed, at:

Darris Vincent McCauley
6 Drysdale Court
Durham, NC 27713

Kia Lipscomb McCauley
6 Drysdale Court
Durham, NC 27713

Edward Charles Boltz
The Law Offices of Orcutt, Bledsoe & Bol
1738-D Hillandale Rd
Durham, NC 27705

Michael D. West
Bankruptcy Administrator
P.O. Box 1828
Greensboro, NC 27402

I CERTIFY UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT. This, the 21st day of June, 2010.

Johnson & Freedman, LLC
1587 Northeast Expressway
Atlanta, GA 30329
(770) 234-9181, ext. 8888

/s/ANGEL R. GORDON
Angel R. Gordon, NC Bar No. 24996
Attorney for Movant

**MSP 1006247NC**